ASHTON M. RILEY (SBN 310528)
ariley@fisherphillips.com
TUAN Q. NGUYEN (SBN 312153)
tqnguyen@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
ACCENT CONTROLS, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALIC, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ACCENT CONTROLS, INC., a Corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No:  [Case No.] '23CV2133 L   BLM<br><br>[Removed from State Court Case No. 37-2023-00045110-CU-WT-CTL]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**<br><br>Complaint Filed:  October 17, 2023<br>Trial Date:     Not Set |

1
NOTICE OF REMOVAL OF ACTION

FP 48760393.1

TO PLAINTIFF MICHAEL MALIC AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant ACCENT CONTROLS, INC. (hereinafter, "Defendant"), through its counsel of record, submits this petition for removal of this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below. See 28 U.S.C. §§ 1332, 1441(a) and (b).

## II. VENUE

2. This action was filed in the Superior Court of California for the County of San Diego. Thus, venue properly lies in the United States District Court for the Southern District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441(a).

## III. PLAINTIFF'S COMPLAINT

3. This lawsuit arises out of Plaintiff MICHAEL MALIC's ("Plaintiff") employment with Defendant and the cessation thereof. On October 17, 2023, Plaintiff filed a civil complaint against Defendant in the Superior Court of the State of California, County of San Diego, entitled *Michael Malic v. Accent Controls, Inc.*, (San Diego Superior Court Case No. 37-2023-00045110-CU-WT-CTL) (hereafter referred to as the "Complaint").

/ / /

4. The Complaint asserts the following causes of action: (1) Retaliation in Violation of Labor Code §§ 1102.5; (2) Termination of Violation of Labor Code § 6310; (3) Wrongful Termination in Violation of Public Policy; and (4) Unfair Competition (Business & Professions Code § 17200). *See* Declaration of Ashton M. Riley ("Riley Decl."), at ¶ 4, Exh. A ("Compl.").

5. On October 19, 2023, Plaintiff served copies of the Summons, Complaint, Civil Case Cover Sheet, and the Alternative Dispute Resolution Package upon Defendant's authorized agent for service of process in California. Attached hereto as **Exhibit A** is a true and correct copy of the documents served upon Defendant. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendant are attached to Riley Decl. as Exhibit A.

6. On November 17, 2023, Defendant filed an Answer and Affirmative Defenses in the Superior Court of California, County of San Diego. Riley Decl. ¶ 5, Exh. B.

7. As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Defendant in the State Lawsuit. (Riley Decl., ¶ 6.)

**IV.   TIMELINESS OF REMOVAL**

8. Defendant files this Notice within thirty (30) days of service of the Complaint upon Defendant and, as no other defendants have been served on an earlier date, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the first defendant has been satisfied.

9. In addition, this Notice of Removal has been filed within one (1) year of commencement of the action in state court as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal is timely filed.

/ / /

/ / /

## V. REMOVAL IS BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION

10. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332 because Plaintiff and Defendant are citizens of different states, Defendant is not a citizen of California, and the amount in controversy for Plaintiff exceeds $75,000 exclusive of interest and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. sections 1441 and 1446.

### A. There is Diversity of Citizenship

11. At all relevant times, Plaintiff was a resident and citizen of the State of California. Plaintiff's Complaint expressly alleges that he was a resident of San Diego, California. *See* Compl., at ¶ 1. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

12. At the time this action was filed and at the time this Notice of Removal was filed, Defendant is and was a citizen of the State of Missouri within the meaning of 28 U.S.C. § 1332(c)(1) because it is now, and was at all material times incorporated under the laws of the state of Missouri, and at all materials times has maintained, and maintains, its principal place of business and headquarters in the state of Missouri. Declaration of Mary Janiak in Support of Defendant's Notice of

Removal of Action ("Janiak Decl."), at ¶¶ 4-6.

13.   Due to the fact that Plaintiff's citizenship is distinct from Defendant's citizenship, complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).[1]

### B.   The Amount in Controversy Exceeds $75,000

14.   The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

15.   In assessing the amount in controversy for diversity jurisdiction purposes, "a court must assume that the allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *See Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal 2010) (internal citations omitted). This includes any possible award of attorneys' fees. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*., 479 F.3d 994, 1000 (9th Cir. 2007) (internal citations omitted); *Hernandez v. Towne Park, Ltd*., No. CV 12-02972 MMM (JCGx), 2012 WL 2373372 (C.D. Cal. June 22, 2012). All potential damages based on the claims in the complaint, as well as attorney's fees, are properly included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

16.   The status of the parties' citizenship and the amount in controversy can be determined from the complaint or from other sources. *See Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the facts of the complaint.")

---

[1] The Complaint also names Defendants DOES 1-50 ("DOE Defendants"). Pursuant to 28 U.S.C. § 1441(a), the citizenship of DOE Defendants is disregarded. *See Newcombe v. Adolf Coors Co.*, 157 686, 690-691 (9th Cir. 1998). Thus, this Notice of Removal does not discuss the citizenship of the alleged DOE Defendants.

1        17.    In determining whether a complaint meets the $75,000.00 threshold detailed in 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages. *See*, *e.g.*, *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). In other words, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

       18.    Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees through trial where, as here, a statute at issue awards attorneys' fees to the prevailing party. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *See Cain v.*

1   *Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012).  Further,
2   "a defendant's notice of removal need include only a plausible allegation that the
3   amount in controversy exceeds the jurisdictional threshold," and does not require
4   evidentiary submissions.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135
5   S. Ct. 547, 550-51 (2014); *see also, Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193,
6   1197 (9th Cir. 2015.)

   19.   Plaintiff does not allege any specific amount in controversy in the Complaint.  *See generally,* Compl.  Because the amount in controversy is not stated, Defendant performed a preliminary analysis of its records for the purposes of calculating the amount in controversy in this action.

   20.   In the instant case, Plaintiff alleges four causes of action seeking damages for "wages and other employment benefits, and emotional and physical distress,", attorney's fees, punitive damages, and other relief.  Riley Decl., at ¶ 4, Exh. A, ¶¶ 35, 40, 42, 46-48, 52, Prayer for Relief ¶¶ a-h.  Although Defendant denies Plaintiff's claims of wrongdoing and her unspecified requests for relief thereon, the facial allegations in the Complaint and total amount of penalties and attorney's fees place the amount in controversy well beyond the $75,000 jurisdictional minimum.  Based on Plaintiff's final rate of pay, an annualized salary of $65,000, Plaintiff's lost wages would be approximately $59,583.332 (as of this filing, Plaintiff is seeking approximately 11 months of lost wages at $5,416.66 per month).  Janiak Decl., at ¶¶ 5-6, Exh. A.

   21.   Furthermore, Plaintiff is seeking damages pursuant to California Labor Code section 1102.5.  If a violation of section 1102.5 is found, the statute imposes a civil penalty not exceeding ten thousand dollars ($10,000).  Cal. Lab. Code § 1102.5(f).

   22.   Plaintiff seeks to recover an unspecified amount in attorneys' fees.  *Id.* Plaintiff's statutory claims for recovery of attorney's fees provides further support that the amount in controversy requirement is met since "[w]hen attorney fees are

added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams v. Charles Tini & Assocs., Inc.,* 53 F. Supp. 3d 152 153 (D.D.C. 2014).  This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted).  As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams*, 53 F.Supp.3d at 152. Simply put, it is likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 on their own through trial of this matter.  For this reason, Plaintiff's Complaint satisfies the amount in controversy requirement.

23.    Furthermore, Courts have found that unless Plaintiff is expressly limiting his recovery to less than $75,000, inclusive of attorney's fees and costs, and thus judicially estopping himself from recovering anything greater, such a statement is unpersuasive in this context. *See*, *e.g.*, *Rico v. Wirepath Home Systems, LLC*, No. 8:19-cv-01921-JLS-KES 2019 U.S. Dist. LEXIS 212950, at *4-5 (C.D. Cal. Dec. 10, 2019) (holding amount in controversy falls below the jurisdictional threshold when the "Complaint expressly limit[ed] [the plaintiff's recover to "$74,999" and the plaintiff reaffirmed the "recovery cap" remand in his papers, which the Court found "taken together" would "'judicially estop[] [him] from arguing for more than $75,000 in damages.'" (citation omitted.); *Martinez v. Epic Gam es.*, No.: CV 19-10878-CJC (PJWx), 2020 U.S. Dist. LEXIS 424469, *7-8 (C.D. Cal. Mar. 20, 2020) (holding amount in controversy falls below the jurisdictional threshold when plaintiff's complaint repeatedly stated that Plaintiff "expressly limits the total amount of recovery, including statutory damages, attorneys' fees and costs, and cost of injunctive relief not exceed $74,999" and also

holding Plaintiff is "estopped from seeking higher damages.") \

24.     Absent a stipulation from Plaintiff's counsel that Plaintiff will not seek damages exceeding $74,999.00, including, but not limited to, all damages and penalties, attorneys' fees and/or any other form of recoverable fee, removal here is proper.  Thus, the matter in controversy here exceeds the sum or value of $75,000.00, exclusive of interests and costs.

## VI.     NOTICE TO THE COURT AND PARTIES

25.     Promptly upon filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Diego, California.  Riley Decl., ¶ 7.

Dated:  November 20, 2023          Respectfully submitted,

FISHER & PHILLIPS LLP

By: _____
ASHTON M. RILEY
TUAN Q. NGUYEN
Attorneys for Defendant
ACCENT CONTROLS, INC.

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Orange with the law offices of Fisher & Phillips LLP and its business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the date below, I served the following document(s) **DEFENDANT'S NOTICE OF REMOVAL** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Mehrdad Bokhour<br>Zachary Cavanagh<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Starts, Suite 450<br>Los Angeles, CA 90067 | Attorneys for Plaintiff,<br>MICHAEL MALIC<br><br>T: (310) 975-1493<br>F: (310) 675-0861<br>E: mehrdad@bokhourlaw.com<br>E: zach@bokhourlaw.com |
| Joshua S. Falakassa<br>FALAKASSA LAW, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067 | Attorneys for Plaintiff,<br>MICHAEL MALIC<br><br>T: (818) 456-6168<br>F: (888) 505-0868<br>E: josh@falakassalaw.com |

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed November 20, 2023, at Irvine, California.

Grace Andrade                            By: _____
Print Name                                         Signature

1
PROOF OF SERVICE

FP 48760393.1