'23 CV 2133 L    BLM

# EXHIBIT B



**Capitol Corporate Services**
PO Box 1831
Austin, TX 78767

Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| | | |
|---|---|---|
| LORI ANN ARNOLD<br>SPENCER FANE LLP<br>1000 WALNUT ST STE 1400<br>KANSAS CITY MISSOURI 64106 | **Date Processed:** | 10/19/2023 |
| | **Completed By:** | FENTON TRAN |
| | **Delivery Method to Client:** | FEDEX 2 DAY |
| | **Tracking Number:** | 785273292841 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received | Transmittal # | Delivered to Agent by |
|---|---|---|
| 10/19/2023 10:30 AM in CALIFORNIA | CA-258257 | PROCESS SERVER |

**With Regard to Client**
ACCENT CONTROLS, INC.

**Title of Case or Action**
MICHAEL MALIC V. ACCENT CONTROLS, INC., ET AL.

| Case Number | Type of Document Served |
|---|---|
| 37-2023-00045110-CU-WT-CTL | CITATION/SUMMONS |

**Court Name**
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

**Note**



1-258257N

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/17/2023** at 04:10:52 PM
Clerk of the Superior Court
By Vanessa Sezenol, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACCENT CONTROLS, INC., a Corporation; and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL MALIC, an Individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice

330 West Broadway, San Diego, California 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2023-00045110-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN: 285256); 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

DATE: 10/18/2023        Clerk, by _V. Sezenol_ , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ACCENT CONTROLS, INC., a Corporation

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
DIVISION:                Central
TELEPHONE NUMBER:   (619) 450-7065

PLAINTIFF(S) / PETITIONER(S):      Michael Malic

DEFENDANT(S) / RESPONDENT(S):  Accent Controls Inc

MALIC VS ACCENT CONTROLS INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2023-00045110-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Ronald F. Frazier                                Department: C-65

**COMPLAINT/PETITION FILED:** 10/17/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/05/2024 | 10:45 am | C-65 | Ronald F. Frazier |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour (CA Bar No.: 285256)
*mehrdad@bokhourlaw.com*
Zachary Cavanagh (CA Bar No.: 339401)
*zach@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (CA Bar. No.: 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

Attorneys for Plaintiff, MICHAEL MALIC

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/17/2023 at 04:19:52 PM
Clerk of the Superior Court
By Vanessa Sezenol,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MICHAEL MALIC, an Individual,<br><br>          Plaintiff,<br><br>     v.<br><br>ACCENT CONTROLS, INC., a Corporation;<br>and DOES 1 through 30, inclusive,<br><br>          Defendants. | CASE NO.:   37-2023-00045110-CU-WT-CTL<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1.  RETALIATION IN VIOLATION OF<br>    LABOR CODE §§ 1102.5;<br>2.  TERMINATION IN VIOLATION OF<br>    LABOR CODE § 6310;<br>3.  WRONGFUL TERMINATION IN<br>    VIOLATION OF PUBLIC POLICY;<br>4.  UNFAIR COMPETITION (BUSINESS &<br>    PROFESSIONS CODE § 17200)<br><br>**DEMAND FOR TRIAL BY JURY** |

1

**COMPLAINT FOR DAMAGES**

Plaintiff Michael Malic ("Plaintiff"), alleges the following against Defendant Accent Controls, Inc. ("Defendant") and DOES 1 through 30 (collectively "Defendants") as follows:

### PARTIES

1.     Plaintiff Michael Malic ("Plaintiff") is, and at all relevant times was, an adult male residing in San Diego, California.

2.     Plaintiff is informed, and believes, and based thereon alleges, that at all times mentioned in this Complaint Defendant Accent Controls, Inc. ("Defendant"), was, and is, a corporation existing under the laws of the State of Missouri, with its relevant place of business at Naval Base San Diego, 3581 Cummings Road, San Diego, CA 91950.

3.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named Defendant is legally and/or equitably responsible for the occurrences herein alleged.

4.     Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times, each of the Defendants, whether named or fictitious, was the agent, employee or alter ego of each of the other Defendants, and in doing the things alleged to have been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

5.     Defendants employed Plaintiff and more than five people, and, as such, Defendants are, and at all relevant times were, "employers" defined by the California Fair Employment and Housing Act ("FEHA").

### JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter because Plaintiff was employed and terminated by Defendants in the County of San Diego. Jurisdiction is conferred on this Court as to all causes of action as they arise under California statutory and/or common law.

7.     Venue is proper in the County of San Diego, because Plaintiff worked for Defendants in the County of San Diego. Defendants conduct business in this County, and because a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this County.

**COMPLAINT FOR DAMAGES**

8.      This Court is the proper court, for purposes of trial in this action, as the acts and omissions of Defendants as alleged herein were made within this Court's jurisdictional area.

**COMMON FACTUAL ALLEGATIONS**

9.      Defendant Accent Controls, Inc. is a turnkey automation system integrator, logistics and government armament services company which holds and ships firearms.

10.      On or about December 28, 2022, Defendants hired Plaintiff as a "System Supply Analyst."

11.      In or around September 2022, Plaintiff also took on the role of the "Classified Supervisor" and was assigned to manage the Classified Vault.

12.      In or around the end of December 2022, Plaintiff was again reassigned as the Classified Supervisor and was responsible for managing the Classified Vault and "Classified Team."

13.      Plaintiff was at all times relevant competent in his work and at all times performed his job duties and responsibilities to the satisfaction of his managers and supervisors.

14.      As the Classified Supervisor, Plaintiff held various government security clearances and was required to abide by, without limitation, company policy and/or Defendants' contracts with its government clients (otherwise known as "ACI's Performance Work Statement"), the Federal Acquisition Regulation (FAR), Code of Federal Regulations Titles 32 and 49, and/or Department of Defense Federal Regulations.

15.      As the "Classified Supervisor," Plaintiff requested Defendants provide him and the Classified Team with all necessary training and resources to ensure legal compliance was at all times met. Importantly, regular training was necessary, in part, because the Classified Team had a high turnover rate and was primarily comprised of new and/or relatively new employees who lacked the necessary training to ensure legal compliance. However, Defendants consistently refused Plaintiff's requests for training and resources and/or excluded Plaintiff from participating in informal task-by-task trainings.

16.      In or around December 2022 or January 2023, Plaintiff discovered that the Classified Department was storing explosives, which Plaintiff was under information and belief was in direct violation of, without limitation, ACI's Performance Work Statement, the Federal Acquisition

Regulation (FAR), Code of Federal Regulations Titles 32 and 49, and/or Department of Defense Federal Regulations. Immediately thereafter, Plaintiff began investigating the source of the explosives.

17.    Plaintiff emailed the Warehouse Operations Manager, Marcos Fronterotta ("Mr. Fronterotta") requesting further information regarding the explosives.

18.    Thereafter, a meeting was held, in which Tanner Haley ("Mr. Haley"), began to yell and berate Plaintiff and ask him if he wanted to step outside, "man to man."

19.    Thereafter and, despite Plaintiff's complaints, the explosives remained in the Classified Vault, in violation of, without limitation, ACI's Performance Work Statement, the Federal Acquisition Regulation (FAR), Code of Federal Regulations Titles 32 and 49, and/or Department of Defense Federal Regulations.

20.    To Plaintiff's shock, Plaintiff discovered numerous legal violations occurring within the Classified Vault. Plaintiff is informed and believes and based thereon alleges such violations include but are not limited to: (1) explosives being stored inside of the Classified Vault; (2) unauthorized individuals entering the Classified Vault; (3) cameras entering the Classified Vault; and (4) the failure to provide necessary training.

21.    On or about January 26, 2023, Plaintiff emailed his complaints to Defendants' human resources department, but failed to receive a response.

22.    On or about January 27, 2023, after Plaintiff had complained several times to Defendants regarding the illegal and unsafe practices Defendants were engaged in—to no avail— Plaintiff emailed his complaints and concerns to certain government contacts and/or agencies.

23.    On or about January 27, 2023, nearly immediately after Plaintiff had lodged his formal complaints with certain government contacts and/or agencies, Plaintiff was suspended from his employment.

24.    On or about January 30, 2023, Defendants terminated Plaintiff's employment under the reasoning that Plaintiff "decided to go outside of the company and begin to email customers and the government contacts" about his complaints of illegal and unsafe business practices.

25.    Plaintiff has thus been informed and believes and thereon alleges that at or about the

time of his termination, Defendants, by and through their managing agents, directors and/or executives, conveyed to Plaintiff that his termination was substantially motivated by his engagement in activities protected by Labor Code sections 1102.5 and 6310.

26.    Plaintiff has been further informed that Defendants carried out the illegal, discriminatory actions herein alleged by and through its managing agents and supervisory employees, with its express and/or implicit consent, approval, authorization, encouragement and/or ratification.

## FIRST CAUSE OF ACTION

### (Retaliation in Violation of Labor Code § 1102.5.)

### (Against all Defendants)

27.    Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as set forth in full herein.

28.    Labor Code § 1102.5 prohibits retaliation against any employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, or to a superior in the employer's organization, so long as the employee has reasonable cause to believe that the information discloses a violation of law or regulation.

29.    As stated herein, Defendants knew and/or believed that Plaintiff might, may or did disclose to a law enforcement/government agency, or an employee with authority over Plaintiff or authority to investigate, discover, or correct the legal violations of the California and Federal laws and regulations concerning: (1) explosives being stored outside of the Classified Vault—where they were required to be stored for legal and safety reasons; (2) unauthorized individuals entering the Classified Vault; (3) cameras being permitted to enter the Classified Vault, in violation of company policy and government contracts; and (4) Defendants' failure to adequately train Plaintiff and those employees under his supervision.

30.    Plaintiff complained to Defendants and certain agents of the United States government that the foregoing was a violation of California and Federal laws and regulations and was a safety and health concern.

31.     In retaliation to Plaintiff's disclosures of unlawful conduct as alleged herein above, Defendants terminated Plaintiff in violation of Labor Code § 1102.5.  Plaintiff's disclosure of information concerning Defendants' non-compliance with California and Federal laws/regulations, and/or the information concerning the related health and safety issues, was a contributing factor in Defendants' decision to discharge Plaintiff.

32.     By the acts herein alleged, in violation of Labor Code § 1102.5, Defendants' conduct and polices/practices sought to prevent Plaintiff from disclosing information to government and/or law enforcement agencies. Moreover, Plaintiff had reasonable cause to believe that Defendants were violating California and Federal law and regulations.

33.     As a direct, foreseeable, legal and proximate result of Defendants' retaliatory termination, as herein alleged, Plaintiff has suffered and continues to suffer substantial damages pursuant to Civil Code § 3333, or other applicable common and/or statutory law, including but not limited to wages and other employment benefits, and emotional and physical distress, in an amount in excess of the minimum jurisdiction of this Court, the exact amount of which will be proven at trial. Defendants, and each of them, acted for the purpose of causing Plaintiff to suffer financial loss, emotional distress, and physical distress.

34.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited retaliation based on opposing unlawful activities, and required Defendants' managers, officers, and agents to prevent retaliation based on an individual opposing such activities. However, Defendants chose to ignore consciously, and willfully, said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive, and done in wanton disregard for the rights of Plaintiff. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

35.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled his to reimbursement of same

**COMPLAINT FOR DAMAGES**

1  pursuant to Labor Code § 1102.5 subd. (j), in an amount to be proven at trial. (See *Hawkins v. City*

2  *of Los Angeles* (2019) 40 Cal.App.5th 384.)

3  ### SECOND CAUSE OF ACTION

4  **(Retaliation in Violation of Labor Code § 6310)**

5  **(Against all Defendants)**

6      36.    Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs

7  and incorporates each by reference as set forth in full herein.

8      37.    , Labor Code § 6310 et seq. makes it unlawful to terminate and/or retaliate against

9  an employee for complaining about health and safety issues in the workplace, or out of apprehension

10  that that person might complain to governmental authorities about such issues. (*Hentzel v. Singer*

11  *Co.* (1982) 138 Cal.App.3d 290; *Lujan v. Minagar* (2004) 124 Cal.App.4th 1040.

12      38.    As stated herein, Plaintiff complained and/or provided information to Defendants

13  concerning the health and safety issues at the workplace related to: (1) explosives being stored

14  outside of the Classified Vault—where they were required to be stored for legal and safety reasons;

15  (2) unauthorized individuals entering the Classified Vault; (3) cameras being permitted to enter the

16  Classified Vault, in violation of company policy and government contracts; and (4) Defendants'

17  failure to adequately train Plaintiff and those employees under his supervision—creating further

18  safety and health concerns. Plaintiff complained to Defendants that each of these acts were safety

19  and health concerns.

20      39.    In retaliation for Plaintiff's disclosures of unlawful and/or health and safety issues

21  as alleged herein above, Defendants terminated Plaintiff in violation of Labor Code § 1102.5 and §

22  6310 *et seq.* Plaintiff's disclosure of information concerning Defendants' non-compliance with

23  California and Federal laws/regulations, and/or the information concerning the related health and

24  safety issues, was a contributing factor in Defendants' decision to discharge Plaintiff.

25      40.    As a direct, foreseeable, legal and proximate result of Defendants' retaliatory

26  termination, as herein alleged, Plaintiff has suffered and continues to suffer substantial damages

27  pursuant to Civil Code § 3333, or other applicable common and/or statutory law, including, but not

28  limited to wages and other employment benefits, and emotional and physical distress, in an amount

**COMPLAINT FOR DAMAGES**

1  in excess of the minimum jurisdiction of this Court, the exact amount of which will be proven at

2  trial. Defendants, and each of them, acted for the purpose of causing Plaintiff to suffer financial loss,

3  emotional distress, and physical distress.

4       41.    The actions taken against Plaintiff were carried out and ratified by officers and

5  managers of Defendants. In addition, Defendants had in place policies and procedures that

6  specifically prohibited retaliation based on opposing unlawful activities, and required Defendants'

7  managers, officers, and agents to prevent retaliation based on an individual opposing such activities.

8  However, Defendants chose to ignore consciously, and willfully, said policies. Therefore,

9  Defendants' conduct was outrageous, malicious, oppressive, and done in wanton disregard for the

10  rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated,

11  authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff

12  should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount

13  to be determined at trial.

14       42.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

15  to hire attorneys to prosecute his claims herein, and has incurred, and is expected to continue to incur,

16  attorneys' fees and costs in connection therewith. Plaintiff is entitled his to reimbursement of same

17  in an amount to be proven at trial. (See Code of Civil Procedure § 1021.5; *Hawkins v. City of Los*

18  *Angeles* (2019) 40 Cal.App.5th 384.)

19  ### THIRD CAUSE OF ACTION

20  **(Wrongful Termination in Violation of Public Policy)**

21  **(Against all Defendants)**

22       43.    Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs

23  and incorporates each by reference as set forth in full herein.

24       44.    The California Labor Code § 1102.5 and § 6310 *et seq.* reflect the fundamental public

25  policies of the State of California. These public policies are designed to prevent retaliation against

26  employees, like Plaintiff, who report, who are assumed to report, or who speak to their superiors

27  about illegal activity and/or health and safety issues at the workplace.

28       45.    The actions of Defendants in terminating Plaintiff on the grounds alleged herein were

1 | wrongful and in direct contravention of the fundamental public policies of the State of California and

2 | the California Constitution, as well as in Labor Code § 1102.5 and § 6310 *et seq.* and the FEHA.

3 |     46.    As a proximate result of the aforementioned acts and omissions of Defendants,

4 | Plaintiff has suffered actual, consequential, and incidental financial losses, including loss of wages

5 | and employee benefits, and the intangible loss of employment-related opportunities, and future

6 | employment in his profession.

7 |     47.    In doing the acts herein alleged, Defendants, through their managing agents, acted

8 | with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore,

9 | Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

10 |     48.    As a result of Defendants' wrongful termination of Plaintiff, Plaintiff has been forced

11 | to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur

12 | attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and

13 | costs pursuant to Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION

**Unfair Competition Law**

**(Against All Defendants)**

17 |     49.    The conduct of Defendants alleged herein, including Defendants' retaliation for

18 | exercising his rights, including his right to report illegal and/or unsafe activity under Labor Code

19 | Sections 1102.5 and 6310, constitutes a false, unfair, fraudulent and deceptive business practices

20 | within the meaning of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 et seq., hereinafter

21 | "UCL".)

22 |     50.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful

23 | practices in order to prevent future damage, for which there is no adequate remedy at law, and to

24 | avoid a multiplicity of lawsuits.

25 |     51.    As a result of their unlawful acts, Defendants should be enjoined from the herein

26 | described conduct and restore to Plaintiff her wrongfully-withheld compensation pursuant to

27 | Business & Professions Code § 17203. Plaintiff is informed and believes and based thereon alleges

28 | that Defendants are unjustly enriched by their unlawful conduct and business practices as alleged

herein.

52.      As a direct and proximate result of the unfair business practices of Defendants, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein, and enjoining Defendant to cease and desist from engaging in the practices described herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against all Defendants as follows:

a.      Compensatory damages according to proof at trial;

b.      Declaratory relief and injunctive relief, including reinstatement;

c.      General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within his career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

d.      Exemplary and punitive damages according to proof at trial;

e.      Reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5;

f.      Reasonable attorneys' fees and costs pursuant Labor Code § 1102.5 subd. (j);

g.      Prejudgment and post judgment interest; and

h.      Any other relief the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury.

Dated: October 17, 2023

FALAKASSA LAW P.C.
BOKHOUR LAW GROUP, P.C.

By:
Joshua S. Falakassa, Esq.
Mehrdad Bokhour, Esq.
Zachary Cavanagh, Esq.
Attorneys for Plaintiff,
MICHAEL MALIC

10
**COMPLAINT FOR DAMAGES**

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Mehrdad Bokhour, Esq. (SBN: 285256)
1901 Avenue of the Stars, Suite 450, LA, CA 90067

TELEPHONE NO.: (310) 975-1493    FAX NO. *(Optional)*: (310) 975-0861
E-MAIL ADDRESS: mehrdad@bokhourlaw.com
ATTORNEY FOR *(Name)*: Plaintiff Michael Malic

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/17/2023** at 04:19:52 PM

Clerk of the Superior Court
By Vanessa Sezenol, Deputy Clerk

CASE NAME:
Michael Malic v. Accent Controls, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2023-00046110-CU-WT-CTL |
|---|---|---|

| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Ronald F. Frazier   DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 17, 2023
Mehrdad Bokhour, Esq.
_____
(TYPE OR PRINT NAME)                              ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
    harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00045110-CU-WT-CTL       CASE TITLE: Malic vs Accent Controls Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **_and_**
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Michael Malic |
|---|
| DEFENDANT(S): Accent Controls Inc |
| SHORT TITLE: MALIC VS ACCENT CONTROLS INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2023-00045110-CU-WT-CTL |
|---|---|

Judge: Ronald F. Frazier                                                     Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____        _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____        _____

_____        _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                                    Date: _____


_____        _____
Name of Plaintiff                                                              Name of Defendant


_____        _____
Signature                                                                        Signature


_____        _____
Name of Plaintiff's Attorney                                            Name of Defendant's Attorney


_____        _____
Signature                                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/18/2023                                              _____
                                                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          **Page: 1**

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Mehrdad Bokhour (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>*Telephone No:* 310-975-1493<br><br>*Attorney For:* Plaintiff | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/19/2023** at 05:16:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO

*Plaintiff:* MICHAEL MALIC, an Individual
*Defendant:* ACCENT CONTROLS, INC., a Corporation; et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37-2023-00045110-CU-WT-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3.   *a.*  *Party served:*    ACCENT CONTROLS, INC., a Corporation
    *b.*  *Person served:*  Fenton Tran, authorized to accept for Capitol Corporate Services, Inc., Agent for Service of Process

4. *Address where the party was served:*   455 Capitol Mall, Suite 217, Sacramento, CA 95814

5. *I served the party:*

   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Oct 19 2023 (2) at *(time)*: 10:32 AM

   (1)  [ X ]   **(business)**
   (2)  [   ]   **(home)**
   (3)  [   ]   **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [   ]  as an individual defendant.
  b.  [   ]  as the person sued under the fictitious name of *(specify)*:
  c.  [   ]  as occupant.
  d.  [ X ]  On behalf of *(specify)*:   ACCENT CONTROLS, INC., a Corporation
      under the following Code of Civil Procedure section:

| | |
|---|---|
| [ X ]  416.10 (corporation) | [   ]  415.95 (business organization, form unknown) |
| [   ]  416.20 (defunct corporation) | [   ]  416.60 (minor) |
| [   ]  416.30 (joint stock company/association) | [   ]  416.70 (ward or conservatee) |
| [   ]  416.40 (association or partnership) | [   ]  416.90 (authorized person) |
| [   ]  416.50 (public entity) | [   ]  415.46 (occupant) |
| [   ]  other: | |



| Plaintiff: MICHAEL MALIC, an Individual | Case Number: |
|---|---|
| Defendant: ACCENT CONTROLS, INC., a Corporation; et al. | 37-2023-00045110-CU-WT-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name:                                Nancy Graddy
   b. Address:                          **FIRST LEGAL**
                                                    1517 W. Beverly Blvd.
                                                    LOS ANGELES, CA 90026
   c. Telephone number:          (213) 250-1111
   d. **The fee** for service was:   $82.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
           (i)   ☐ owner  ☐ employee  ☒ independent contractor
           (ii)  Registration No:  04-010
           (iii) County:  Placer

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 10/19/2023 | *N. graddy* |
|---|---|
| (Date) | Nancy Graddy |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

9779419
(5482335)
Page 2 of 2